IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20473
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES GILLMORE BUTLER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-254-1
--------------------
February 9, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Gillmore Butler (Butler) appeals his conditional guilty plea conviction for possession of a machine gun and possession of an unregistered firearm.  Butler challenges the district court's denial of his motion to suppress the machine gun that was seized in his residence.  Butler's motion for leave to file record excerpts in excess of 40 pages is GRANTED.

This court reviews a ruling on a motion to suppress based upon live testimony under the "clearly erroneous" standard for findings of fact and de novo for questions of law.  United States v. Muniz-Melchor, 894 F.2d 1430, 1433-34 (5th Cir. 1990).  The evidence is

_____

[*]  Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

viewed in the light most favorable to the prevailing party. Id.

We have reviewed the record, the district court's opinion, and the parties' briefs, and conclude that the district court did not err in denying Butler's motion to suppress. Harris County Sheriff's Department Deputies lawfully entered Butler's residence either because of the exigent circumstances presented by his girlfriend's alleged attempted suicide or because Butler gave them consent to enter the house and go up to the bedroom. United States v. Green, 474 F.2d 1385, 1389 (5th Cir. 1973); United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir. 1993). The incriminating character of the rifle was immediately apparent, and it could be lawfully seized under the "plain view" doctrine. Horton v. California, 496 U.S. 128, 136-37 (1990). Moreover, when one law enforcement officer justifiably enters a dwelling without a warrant, due to exigent circumstances, and observes contraband, other officers can enter the house without warrant authorization as well. United States v. Brand, 556 F.2d 1312, 1317 (5th Cir. 1977).

AFFIRMED.